UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RETIREMENT PROGRAM FOR EMPLOYEES OF THE TOWN OF FAIRFIELD; THE RETIREMENT PROGRAM FOR POLICE OFFICERS AND FIREMEN OF THE TOWN OF FAIRFIELD; and THE TOWN OF FAIRFIELD, <br> Plaintiffs, <br><br> v. <br><br> MAXAM CAPITAL MANAGEMENT, LLC; MAXAM CAPITAL GP LLC; MAXAM CAPITAL MANAGEMENT LIMITED; SANDRA L. MANZKE; WALTER M. NOEL, JR.; JEFFERY H. TUCKER; PETER B. MADOFF; MARK D. MADOFF; and ANDREW H. MADOFF, <br> Defendants. | Civil Action No. 3:10-cv-1795 (AWT) <br><br><br><br><br> November 24, 2010 |

## NOTICE OF REMOVAL

TO:   UNITED STATES DISTRICT COURT
      DISTRICT OF CONNECTICUT
      141 Church Street
      New Haven, CT  06510

PLEASE TAKE NOTICE THAT, for the reasons set forth below, Defendant Peter B. Madoff, ("Peter Madoff") by his undersigned attorneys, files this Notice of Removal to remove the claims against him in this action from the Superior Court of Connecticut to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027.

In support of the Notice of Removal, Peter Madoff states as follows:

## I.     BACKGROUND

1.     On or about July 30, 2010, the Retirement Program for Employees of the Town of Fairfield, the Retirement Program for Policy Officers and Firemen of the Town of Fairfield, and the Town of Fairfield (collectively, "Plaintiffs") commenced this action by filing a Request for Leave to Amend their Complaint and a Motion to Add Defendants in the Superior Court of Connecticut, Complex Litigation Docket at Stamford, styled *Retirement Program for Employees of the Town of Fairfield,* et al v. *Maxam Capital Management, LLC,* et al (the "State Court Action"). Judge John Blawie granted the Request and Motion on September 2, 2010. Peter Madoff was served with the Complaint and Summons on October 26, 2010. True and correct copies of the Complaint and the Summons received by Peter Madoff are attached hereto as **Exhibit A**.

2.     The Complaint arises out of investment losses allegedly incurred by Plaintiffs, retirement plans of the Town of Fairfield, as a result of Bernard L. Madoff's Ponzi scheme collapsed. Plaintiffs did not directly invest with Madoff's firm; rather, they invested with a so-called "feeder fund," Maxam Absolute Return Fund, L.P. (the "Maxam Fund"), which in turn invested with Madoff.

3.     The Complaint asserts claims against various individuals, including Peter Madoff in connection with Plaintiffs' alleged investment in the Maxam Fund. Ex. A, Cplt. pp. 43-72. The claims against Peter Madoff include violations of the Connecticut Uniform Securities Act (Cplt. 6th Cause of Action ¶¶ 142-44), concerted action to commit theft and aiding and abetting theft (Cplt. 12th Cause of Action ¶¶ 142-49), aiding and abetting fraudulent

inducement (Cplt. 18th Cause of Action ¶¶ 144-48), and conspiracy (Cplt. 24th Cause of Action ¶¶ 213-215).

4. This is the second complaint filed by Plaintiffs against Defendant Peter Madoff. The first complaint was filed on March 30, 2009 and alleged causes of action for unjust enrichment, fraudulent transfers, and constructive trust against Peter Madoff. Judge Blawie, on April 16, 2010, dismissed all claims against Peter Madoff in the first complaint on the basis that Plaintiffs did not have standing to raise such claims given that their harm was sustained indirectly through investments in the Maxam Fund. Plaintiffs' appeal of that decision is pending in Connecticut Appellate Court.

## II.   GROUNDS FOR REMOVAL

5. Peter Madoff bases removal on 28 U.S.C. § 1452(a), which permits removal from state court of any claims or causes of action over which the district court has jurisdiction under 28 U.S.C. § 1334.

6. To the extent the removal of the claims against Peter Madoff in the State Court Action is pursuant to 28 U.S.C. § 1452, unanimity of defendants is not required. *See Cal. Public Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004).

7. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a), this Notice of Removal is being filed within thirty days of service on Peter Madoff and is, therefore, timely. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Peter Madoff was served with the Summons and Complaint on October 26, 2010.

8. In accordance with 28 U.S.C. § 1446(d), promptly after filing of this Notice of Removal, Peter Madoff will give written notice of the removal to all adverse parties,

3

and will file a copy of this Notice of Removal with the Superior Court of Connecticut, Complex Litigation Docket at Stamford.

9. For the reasons explained below, the claims against Peter Madoff in this action are removable under 28 U.S.C. §§ 1334 and 1452 because the claims or causes of action in this action are related to an action currently pending under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").

10. The District of Connecticut is the district in which the Superior Court of Connecticut, Complex Litigation Docket at Stamford is located, in which Plaintiffs filed their Complaint, and in which the State Court Action has been pending.

## III.   BANKRUPTCY JURISDICTION

11. The claims against Peter Madoff in the State Court Action are removable under 28 U.S.C. §§ 1334(b) and 1452(a) because they are "related to" bankruptcy proceedings pending in the Southern District of New York. Under 28 U.S.C. § 1334(b), the district courts shall have "jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The claims against Peter Madoff in this case are "related to" the Bernard L. Madoff Investment Securities LLC ("BLMIS") liquidation (the "BLMIS Bankruptcy Court Action") currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Case No 08-01789 (BRL), and are clearly removable under 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action....to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claims or causes of action under § 1334 of this Title.").

12. Both the State Court Action and the BLMIS Bankruptcy Court Action arise out of Bernard L. Madoff's massive Ponzi scheme on December 10, 2008.

13. The BLMIS Bankruptcy Court action began on December 15, 2008, when the Securities Investor Protection Corporation ("SIPC") filed an application in the United States District Court for the Southern District of New York alleging that BLMIS was not able to meet its obligations to its investors as they came due. Judge Louis L. Stanton granted the SIPC application the same day, and entered an order appointing a trustee for the liquidation of the business of BLMIS and removing the case to Bankruptcy Court.

14. On June 9, 2009, the Bankruptcy Court ordered the individual bankruptcy estate of Bernard L. Madoff substantively consolidated into the estate of BLMIS.

15. On October 2, 2009, Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of BLMIS under the Securities Investor Protection Act ("SIPA"), and Bernard L. Madoff, filed a Complaint in Bankruptcy Court, No. 09-01503, against Peter Madoff alleging, *inter alia*, that Peter Madoff held property belonging to BLMIS and its customers, and seeking recovery of such property on behalf of the estate.

16. Peter Madoff subsequently entered into a Consent Order with the Trustee, ordered by the Bankruptcy Court, agreeing to certain restrictions on his ability to use assets or incur additional liabilities pending the resolution of the Trustee's action against him.

17. The claims against Peter Madoff in the State Court Action are related to the BLMIS Bankruptcy Action because these claims could conceivably affect the bankruptcy estate. *See, e.g., In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) ("[t]he test for determining whether litigation has a significant connection with a pending bankruptcy

5

proceeding is whether its outcome might have any 'conceivable effect' on the bankruptcy estate.").

18. The outcome of the claims against Peter Madoff in the State Court Action have the potential to interfere with attempts by the Trustee and Bankruptcy Court to collect and distribute assets from BLMIS's estate in bankruptcy. In addition, the vast majority of the allegations in the Complaint against Peter Madoff were copied verbatim from the Trustee's Complaint. (*See* Ex. A, Cplt. ¶¶ 77-82; 92-97). Plaintiffs claim that Peter Madoff's assets, currently the subject of a Bankruptcy Court order, should be used to pay for Plaintiffs' losses, including their limited partnership interest, accrued interest thereon, attorneys fees and punitive damages. *Cf. Conn. Res. Recovery Auth. v. Lay*, 292 B.R. 464, 471 (D. Conn. 2003) ("The CRRA is attempting to declare that the $220 million in question is not a part of the bankruptcy estate but is held in constructive trust for CRRA...[T]he Court is justified in recognizing 'related to' jurisdiction.").

19. Indeed, the Trustee filed a declaratory judgment action in the Bankruptcy Court on May 27, 2010, *Picard v. Stahl, et al.*, (Adv. Pro. No. 10-03268), seeking, *inter alia*: (1) a declaration that Plailntiffs' claims against Peter Madoff in the State Court Action violate the automatic stay provisions under the Bankruptcy Code and SIPA, as well as stay orders entered by the District Court for the Southern District of New York, and are therefore void *ab initio*; and (2) a preliminary injunction against Plaintiffs in the above-captioned action from pursuing the claims asserted against Peter Madoff in the State Court Action.[1]

---

[1] The Trustee's application originally addressed the Plaintiffs' initial complaint, however, in his Reply, the Trustee makes clear that his application applies equally to this Complaint. (*See* Reply Mem. Of Law in Support of Trustee's Appl. For Enforcement of Automatic Stay and Preliminary Injunction, at 11, n.7 (Aug. 17, 2010), attached hereto as **Exhibit B**.)

20.     Upon removal of the claims against Peter Madoff in the State Court Action to this Court, Peter Madoff will move this Court to transfer the action to the United States Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 1404, for coordination with the BLMIS Bankruptcy Action.

### IV.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

21.     Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a), this Notice of Removal is timely filed.

22.     To the extent the removal of the claims against Peter Madoff in the State Court Action is pursuant to 28 U.S.C. § 1452, unanimity of defendants is not required.

23.     The State Court Action is a non-core proceeding, and Peter Madoff does not consent to the entry of final orders and judgments by the bankruptcy judge.

24.     The State Court Action is a civil action that does not relate to a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's regulatory power.

25.     True and correct copies of all process, pleadings and orders served upon Peter Madoff are attached hereto as **Exhibit A**.

26.     No previous application has been made by Peter Madoff for this or similar relief.

WHEREFORE, Peter Madoff submits that the claims against him in this action are now properly removed from the Superior Court of Connecticut, Complex Litigation Docket at Stamford and are properly before this District Court and that all further actions take place before this Court.

7

DATED: November 24, 2010

        DEFENDANT PETER B. MADOFF

        By: _____
        Harold James Pickerstein – ct05094
        McElroy, Deutsch, Mulvaney & Carpenter, LLP
        30 Jelliff Lane
        Southport, CT  06890-1436
        Tel.:   (203) 319-4000
        Fax:    (203) 259-0251
        Email: hpickerstein@mdmc-law.com
        Attorneys for Peter B. Madoff

        -and-

        Charles T. Spada
        J. Rose Rubin
        Lankler Siffert & Wohl LLP
        500 Fifth Avenue, 33rd Floor,
        New York, NY  10110
        Tel:    212-921-8399
        Email: cspada@lswlaw.com
        Email: rrubin@lswlaw.com
        Attorneys for Peter B. Madoff

## CERTIFICATION

This is to certify that on November 24, 2010 a copy of the foregoing Notice of Filing of Notice of Removal was filed and served electronically on each party agreeing to accept electronic service and served by United Stated Mail, first class postage prepaid on any party who has not agreed to accept electronic service.

Richard C. Robinson, Esq.
Pullman & Comley LLC
90 State House Square
Hartford, CT  06103
860-242-4300
rrobinson@pullcom.com
PLAINTIFFS

David S. Golub, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT  06904
203-325-4491
dgolub@sgtlaw.com
PLAINTIFFS

Robert L. Berchem, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT  06460
203-783-1200
Fax:  203-878-2235
rberchem@bmdlaw.com
DEFENDANT MAXAM CAPITAL MGMT LLC
DEFENDANT MAXAM CAPITAL GP LLC
DEFENDANT MAXAM CAPITAL MGMT LTD
DEFENDANT SANDRA L. MANZKE

Michael S. Kim, Esq.
Jonathan D. Cogan, Esq.
Carrie A. Tendler, Esq.
Benjamin A. O'Neil, Esq.
Kobre & Kim LLP
800 Third Avenue
New York, NY  10022
212-488-1201
Michael.kim@kobrekim.com
Jonathan.cogan@kobrekim.com
Carrie.tendler@kobrekim.com
Benjamin.oneil@kobrekim.com
DEFENDANT MAXAM CAPITAL MGMT LLC
DEFENDANT MAXAM CAPITAL GP LLC
DEFENDANT MAXAM CAPITAL MGMT LTD
DEFENDANT SANDRA L. MANZKE

Frank J. Silvestri, Jr., Esq.
Levett Rockwood P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT  06881
203-222-0885
fsilvestri@levettrockwood.com
DEFENDANT WALTER M. NOEL, LR.

Andrew W. Hammond, Esq.
Glenn Kurtz, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, NY  10035
212-819-8200
Fax:  212-354-8113
ahammond@whitecase.com
gkurtz@whitecase.com
DEFENDANT WALTER M. NOEL, JR.

Stanley A. Twardy, Jr., Esq.
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
203-977-7300
Fax: 203-977-7301
satwardy@daypitney.com
DEFENDANT JEFFREY H. TUCKER

Adam K. Grant, Esq.
Daniel J. Fetterman, Esq.
Kasowitz Benson Torres & Friedman LLP
1633 Broadway
New York, NY 10019
212-506-1700
Fax: 212-506-1800
agrant@kasowitz.com
dfetterman@kasowitz.com
DEFENDANT JEFFREY H. TUCKER

Jonathan Katz
David L. Belt
Jacobs, Gruberg, Belt, Dow & Katz, P.C.
350 Orange Street
New Haven, CT 06503-0606
203-772-3100

Mark Flumenbaum
Andrew J. Ehrlich
Hannah S. Sholl
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
DEFENDANT MARK D. MADOFF
DEFENDANT ANDREW H. MADOFF



Harold James Pickerstein